IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

JAMES PETERSON,

                    Plaintiff

VS.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

                    Defendant

NO. 5:07-CV-291 (CWH)

**SOCIAL SECURITY APPEAL**

## O R D E R

This is a review of a final decision of the Commissioner of Social Security denying the plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. Both parties have heretofore consented for the United States Magistrate Judge to conduct any and all proceedings herein including the ordering of the entry of judgment. Any appeal from this judgment may, by law, be taken directly to the Court of Appeals of the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 636(c)(3).

On September 11, 2002, plaintiff James Peterson applied for Supplemental Security Income (SSI). Therein, plaintiff Peterson alleged that he became disabled on February 14, 1996 due to HIV, tuberculosis, and hepatitis. The application was denied initially and upon reconsideration. Plaintiff requested a hearing before an administrative law judge ("ALJ") which was held telephonically on June 14, 2006. After this hearing, the ALJ in a written decision dated June 29, 2006 found that the plaintiff was not disabled. The Appeals Council denied the plaintiff's subsequent request for review, making the hearing decision the final decision of the Commissioner. Thereafter, on July 26, 2007, plaintiff filed the instant Complaint. Tab #1. In response, the Commissioner filed an Answer (Tab #8), a copy of the administrative record (Tab #10), and a memorandum in support of his Answer (Tab #13). This matter is now ripe for review.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. *Walker v. Bowen*, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S. Ct. 1420, 28 L. Ed. 2d 842 (1971). The court's role in reviewing claims brought under the Social Security Act is, therefore, a narrow one.

The court may not decide facts, re-weigh evidence, nor substitute its judgment for that of the Commissioner.[1] *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). It must, however, decide if the Commissioner applied the proper standards in reaching a decision. *Harrell v. Harris*, 610 F.2d 355, 359 (5th Cir. 1980). In so doing, the court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. *Bloodsworth*, at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. *Id.* The initial burden of establishing disability is on the claimant. *Kirkland v. Weinberger*, 480 F.2d 46 (5th Cir. 1973). The claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. *Oldham v. Schweiker,* 660 F.2d 1078 (5th Cir. 1981).

A claimant asserting entitlement to benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition, and with regard to claims for a period of disability and disability insurance benefits, the plaintiff must meet the insured status requirements set forth in sections 216(i) and 223 of the Social Security Act.

---

[1]Credibility determinations are left to the Commissioner and not to the courts. *Carnes v. Sullivan*, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not the courts to resolve conflicts in the evidence. *Wheeler v. Heckler*, 784 F.2d 1073, 1075 (11th Cir. 1986). See also *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986).

With respect to analyzing the issue of disability, the Commissioner utilizes a five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairment(s) meets or equals an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, and only if necessary, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevent the performance of any other work. In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each, if considered separately, would be disabling. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence is grounds for reversal. *Id.*

## ADMINISTRATIVE PROCEEDINGS

At the time of the ALJ's decision, plaintiff Peterson was forty-three (43) years old and had completed two years of college. His prior work experience included work as an industrial cleaner. He alleges that he became disabled on February 14, 1996, due to HIV positive status, tuberculosis, and hepatitis. Following the hearing, the ALJ found that the plaintiff had not been engaged in substantial gainful activity since his alleged disability onset date and that he suffers from the severe impairment of HIV positive status. Thereafter, and upon a review of the evidence which included the plaintiff's own allegations about his limitations, the ALJ determined that plaintiff Peterson possessed the residual functional capacity to perform medium exertional work. For this reason, and upon his subsequent observation that plaintiff's past relevant work as an industrial cleaner did not require the performance of work-related activities precluded by this residual functional capacity, the ALJ determined that the plaintiff would be able to engage in his past relevant work. Accordingly, he concluded that the plaintiff was not disabled.

## THE PLAINTIFF'S CLAIMS

In this action, and in support of his request for remand and/or reversal, plaintiff Peterson has enumerates the following issues for the court's review:

1. *Whether the decision of the ALJ that the plaintiff would be able to engage in his relevant work is supported by substantial evidence.*

2. *Whether the ALJ properly considered the plaintiff's testimony and the objective medical evidence which documented his complaints.*

3. *Whether the ALJ failed to properly evaluate the impact of the plaintiff's combination of impairments upon his ability to work.*

## THE COMMISSIONER'S RESPONSE

In response to these assertions, the Commissioner, rather than addressing the above issues on the merits, contends that the instant appeal should be denied because plaintiff Peterson is incarcerated.  In support of this argument, the Commissioner notes that plaintiff filed his original application for benefits on September 11, 2002 — three days after his release from Georgia State Prison.  Thereafter, he avers that, on September 30, 2003, plaintiff was again incarcerated and remains so to date.  After citing pertinent legal provisions that deem individuals who are inmates of public institutions ineligible to receive benefits, and noting that the "plaintiff was incarcerated for most of the relevant period of time," the Commissioner concludes that the plaintiff  "cannot receive benefits for that time period."

## DISCUSSION

In view of the arguments proffered by the Commissioner, it clear that the time during which plaintiff Peterson may have been entitled to benefits is limited to a period beginning in October of 2002 and ending no later than September of 2003.  That said, should it be determined that plaintiff was indeed disabled and entitled to benefits, any award of benefits would necessarily be calculated using the above time period.  That said, and because the Commissioner did not directly address the plaintiff's issues on appeal, the remainder of the review which follows will consider the plaintiff's arguments in light of relevant legal standards and the contents of the administrative record heretofore filed in this action.

Even though plaintiff Peterson enumerated three separate issues on appeal, a review of his complaint reveals that he is primarily dissatisfied with the ALJ's decision not to credit his testimony regarding his disabling limitations.  In support, he argues that the ALJ failed to fully develop the record by obtaining updated medical evidence from certain prison and jail facilities.  He further avers that the ALJ failed to properly consider certain evidence in the record, including a report from a consultative medical examiner and the examination records of an unnamed psychologist.  According to the plaintiff, had the ALJ done so, he would necessarily have afforded more weight to the plaintiff's testimony which, in turn, would have led to a finding of disability.

In view of these assertions, it appears that the best way to review the plaintiff's issues on appeal is to examine the ALJ's actions leading up to and including his determination about the plaintiff's credibility.  Because this examination requires a determination of legal sufficiency, identification of the relevant legal requirements is in order.  The pertinent legal requirements are those contained in Social Security Ruling 96-7p.  SSR 96-7p provides as follows:

1. *No symptom or combination of symptoms can be the basis for a finding of disability, no matter how genuine the individual's complaints may appear to be, unless there are medical signs and laboratory findings demonstrating the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms.*

2. *When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities. This requires the adjudicator to make a finding about the credibility of the individual's statements about the symptom(s) and its functional effects.*

3. *Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.*

4.      *In determining the credibility of the individual's statements, the adjudicator must consider the entire case record, including the objective medical evidence, the individual's own statements about symptoms, statements and other information provided by treating or examining physicians or psychologists and other persons about the symptoms and how they affect the individual, and any other relevant evidence in the case record. An individual's statements about the intensity and persistence of pain or other symptoms or about the effect the symptoms have on his or her ability to work may not be disregarded solely because they are not substantiated by objective medical evidence.*

5.      *It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.*

SSR 96-7p

As an initial matter, and with regard to one of the plaintiff Peterson's stated concerns, the undersigned notes that the record in this case contains medical records from several sources covering the time from February 27, 1995 through May 27, 2003.  Given the lack of specificity in the plaintiff's complaint concerning the ALJ's alleged failure to fully develop the record, coupled with the limited time for which the plaintiff may have been eligible to receive benefits, it appears to the undersigned that the record before the ALJ was sufficiently complete to support a disability determination.  That said, the undersigned notes that it is uncontested that the ALJ explicitly acknowledged the plaintiff's allegations of pain and other symptoms, as well as his obligation to comply with the provisions of SSR 96-7p.  Consequently, the remaining question is whether or not the ALJ actually complied with SSR 96-7p.  The plaintiff's position is that the ALJ did not.

In support of his position,  plaintiff Peterson makes a generic assertion that the ALJ did not "review the opinion of the Social Security Administration Medical Consultant and a consultative examination report by a psychiatrist."   Consequently, and upon this unsupported assertion, he concludes that  the ALJ's decision concerning his credibility, and, by extension, the ultimate disability determination, is erroneous.  The undersigned disagrees.

After careful review, it appears to the undersigned that the ALJ's decision is sound. It contains an exhaustive review of the voluminous medical and other evidence of record and a clear explanation of the rationale employed in evaluating the plaintiff's credibility and disability, to- wit: the ALJ found that plaintiff Peterson's assertions were not supported by the evidence of record.  In so doing, he referred to and even cited numerous items in evidence including, *inter alia*, the reports of State Agency Medical Consultants.  Consequently, and despite the fact that the ALJ's written decision is not as *exhaustive* as the plaintiff would have liked, the ALJ's decisions on the issues of credibility and disability contained therein appear legally proper and well supported by substantial evidence.  Accordingly, the decision of the Commissioner should be and is hereby **AFFIRMED**.

**SO ORDERED** this 23rd day of MARCH, 2010.


CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE